UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

AUG 3 0 2000

ROBERT H. SHEMWELL, CLERK
BY_____
                        DEPUTY

CLINTON J. ANGELLE

VERSUS

J. TERRELL WILLIAMS, ET AL

CIVIL ACTION NO. 2:00CV1795

JUDGE TRIMBLE

MAGISTRATE JUDGE WILSON

## ANSWER TO PETITION FOR DAMAGES, FOR RESCISSION OF CONTRACT AND FOR INJUNCTIVE RELIEF

NOW INTO COURT through undersigned counsel comes, J. Terrell Williams and Transfer Systems Holding, Inc. sought to be made defendants herein, and for Answer to the Petition of Clinton J. Angelle deny each and every allegation thereof, except those that may be specifically admitted hereinafter.

And further answering the petition of plaintiff, paragraph by paragraph, defendants with respect aver:

### First Defense

The plaintiff's claims are barred, as to J. Terrell Williams, by accord and satisfaction and/or res judicata for the following reasons:  By that certain Exclusive License Agreement dated March 15,1999, but effective July 29,1998 by and between Transfer Systems Holdings, LLC ("TSH") and Clinton J. Angelle ("Exclusive License Agreement"), petitioner specifically released defendant, J. Terrell Williams for any and all claims arising from or related to his involvement in the venture sued upon.  Section 14.3 of the Exclusive License Agreement provides as follows:

14.3. Acknowledgment and Release.  LICENSOR acknowledges that



> J. Terrell Williams, the manager of LICENSEE, is a controlling
> shareholder of Transfer Systems International, Inc., the entity
> to which LICENSEE intends to sublicense its rights to the
> Subject Technology.  Licensor, in Sections 2.2 and 2.3 of this Agreement
> has expressly granted LICENSEE the right to effect such sublicense
> and hereby waives any and all claims that LICENSOR, his affiliates,
> successors and assigns may now or in the future have against J. Terrell
> Williams arising from, connected with or in any way relating to such
> sublicense.

### Second Defense

Plaintiff's petition fails to state a claim for which relief can be granted.  The claims and rights of action sued upon by plaintiff Clinton J. Angelle are owned contractually by Transfer Systems Holdings, LLC ("TSH") by virtue of the Exclusive License Agreement in Section 8 thereof and accordingly Clinton J. Angelle has no standing or right of action to pursue any such claims, and the relief sought cannot be granted to plaintiff as a matter of law.  On information and belief, the manager of TSH is plaintiff, and plaintiff is the owner of fifty-one percent of the interests in TSH.

### Third Defense

Plaintiff's petition fails to state a claim for which relief can be granted.  Plaintiff has sought to name "Transfer Systems Holdings, Inc." as a defendant and Licensee under the Exclusive License Agreement, when in fact the contract with Transfer Systems Holdings, Inc. was novated and terminated by the subsequent execution of the Exclusive License Agreement executed by and between Clinton J. Angelle as Licensor and Transfer Systems Holdings, LLC on March 15, 1999, but effective as of July 29, 1998.  Accordingly, defendant Transfer Systems Holdings, Inc. is not a party to the contract sought to be terminated by plaintiff and such relief cannot be granted as a matter of law.

Fourth Defense

And now answering the separately numbered paragraphs of the complaint as follows:

1.

The allegations of paragraph 1of the Petition are admitted.

2.

The allegations of paragraph 2 of the Petition are denied.

3.

The allegations of Paragraph 3 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

4.

The allegations of Paragraph 4 of the Petition purport to construe the terms of a patent application, a written instrument, the best evidence of which is the contents thereof.  To the extent that an answer is required, the allegations of Paragraph 4 of the Petition are denied.

5.

The allegations of Paragraph 5 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof, except to admit that a copy a document entitled "Apparatus and Method for Handling Waste." is attached to the Petition, a written instrument, the contents of which are the best evidence thereof.

6.

The allegations of Paragraph 6 of the Petition purport to construe the terms of a continuation-in-part patent application, a written instrument, the best evidence of which is the contents thereof.  To the extent that an answer is required, the allegations of Paragraph 6 of the Petition are denied.

7.

The allegations of Paragraph 7 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof, except to admit that a copy a document entitled "Apparatus and Method for Handling Waste." is attached to the Petition, a written instrument, the contents of which are the best evidence thereof.

8.

The allegations of Paragraph 8 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

9.

The allegations of Paragraph 9 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

10.

The allegations of Paragraph 10 of the Petition are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

11.

The allegations of Paragraph 11 of the Petition are denied.

12.

The allegations of Paragraph 12 of the Petition are denied.

13.

The allegations of Paragraph 13 of the Petition are denied, except for the last sentence which is admitted.

14.

The allegations of Paragraph 14 of the Petition are denied.

15.

The allegations of Paragraph 15 of the Petition are denied.

16.

The allegations of Paragraph 16 of the Petition are denied in so far as Clinton Angelle

visited J. Terrell Williams at his Nu-Tec facility in Aberdeen, Scotland.  It is admitted that

Clinton Angelle visited with J. Terrell Williams in Aberdeen Scotland for the purpose of

further exploring a possible business opportunity with Mr. Williams.  It is denied that Clinton

Angelle visited J. Terrell Williams to evaluate the potential customer base.  Further

answering, only Baroid and Mobile were visited and Baroid was not a potential customer.  The

remaining allegations of Paragraph 16 of the Petition are denied.

17.

The allegations of Paragraph 17 of the petition are admitted insofar as they conform to

the terms of the letter of intent, a written instrument the contents of which are the best

evidence thereof.

18.

The allegations of Paragraph 18 of the petition are admitted insofar as they conform to

the terms of the letter of intent, a written instrument the contents of which are the best

evidence thereof.

19.

The allegations of Paragraph 19 of the petition are admitted.

20.

The allegations of Paragraph 20 of the petition are admitted.

21.

The allegations of Paragraph 21 of the Petition are denied.  Mr. Williams resigned any office he held in Transfer System Holdings, LLC in November of 1999.  In addition, Transfer System Holdings, Inc. was not used by the parties as the entity to act as Licensee under the Exclusive License Agreement.  Instead, Transfer System Holdings, LLC was formed and contracted with Angelle as Licensee.  Williams was the manager of Transfer System Holdings, LLC and resigned in November of 1999.

22.

The allegations of Paragraph 22 of the petition attempt to describe written documents which are the best evidence of their contents.  To the extent that the allegations of Paragraph 22 vary from the written documents, those allegations are denied.

23.

The allegations of Paragraph 23 of the petition attempt to describe written documents which are the best evidence of their contents.  To the extent that the allegations of Paragraph 23 vary from the written documents, those allegations are denied

24.

The allegations of Paragraph 24 of the petition attempt to describe written documents which are the best evidence of their contents.  To the extent that the allegations of Paragraph 24 vary from the written documents, those allegations are denied

25.

The allegations of Paragraph 25 of the Petition purport to construe the terms of an Exclusive License Agreement, a written instrument, the best evidence of which is the contents

thereof.   To the extent that the allegations of Paragraph 25 of the Petition vary from the written terms of the Exclusive License Agreement, the allegations are denied.  To the extent the allegations conform to the terms of the Exclusive License Agreement they are admitted.

26.

The allegations of Paragraph 26 of the Petition purport to construe the terms of an Exclusive License Agreement, a written instrument, the best evidence of which is the contents thereof.   To the extent that the allegations of Paragraph 26 of the Petition vary from the written terms of the Exclusive License Agreement, the allegations are denied.  To the extent the allegations conform to the terms of the Exclusive License Agreement they are admitted.

27.

The allegations of paragraph 27of the Petition are admitted.

28.

The allegations of paragraph 28 of the Petition are admitted.

29.

The allegations of paragraph 29 of the Petition are denied.

30.

The allegations of paragraph 30 of the Petition are admitted.

31.

The allegations of paragraph 31 of the Petition are denied.

32.

The allegations of Paragraph 32 of the Petition purport to construe the terms of an Sub-license Agreement, a written instrument, the best evidence of which is the contents thereof. To the extent that the allegations of Paragraph 32 of the Petition vary from the written terms

of the Sub-license Agreement, the allegations are denied.  To the extent the allegations

conform to the terms of the Sub-license Agreement they are admitted.

33.

The allegations of Paragraph 33 of the Petition purport to construe the terms of an Sub-

license Agreement, a written instrument, the contents of which are the best evidence thereof.

To the extent that the allegations of Paragraph 33 of the Petition vary from the written terms

of the Sub-license Agreement, the allegations are denied.  To the extent the allegations

conform to the terms of the Sub-license Agreement they are admitted.  The last sentence of

paragraph 33 of the Petition are denied of lack of information to form a belief as to the truth

thereof.

34.

The allegations of Paragraph 34 of the Petition are denied.  The sublicense agreement

in effect was signed by J. Terrell Williams as Manager of Transfer Systems Holdings, LLC

and by Richard G. Angelle as president of Transfer Systems International, Inc.

35.

The allegations of Paragraph 35 of the Petition purport to construe the terms of an Sub-

license Agreement, a written instrument, the contents of which are the best evidence thereof.

To the extent that the allegations of Paragraph 35 of the Petition vary from the written terms

of the Sub-license Agreement, the allegations are denied.  To the extent the allegations

conform to the terms of the Sub-license Agreement they are admitted.  The last sentence of

paragraph 33 of the Petition are denied.

36.

The allegations of Paragraph 36 of the Petition are denied.

37.

The allegations of Paragraph 37 of the Petition are denied.

38.

The allegations of Paragraph 38 of the Petition are denied.

39.

The allegations of Paragraph 39 of the Petition are denied.

40.

The allegations of Paragraph 40 of the Petition are denied.

41.

The allegations of Paragraph 41 of the Petition are denied.  Further answering, Clinton Angelle has received $18,197.62 as a result of the lease of equipment by TSI.

42.

The allegations of Paragraph 42 of the Petition are denied.

43.

The allegations of Paragraph 43 of the Petition are denied.

44.

The allegations of Paragraph 44 of the Petition are denied for lack of information to form a belief as to the truth thereof.

45.

The allegations of Paragraph 43 of the Petition are denied.

46.

The allegations of Paragraph 46 of the Petition are denied for lack of information to form a belief as to the truth thereof.

47.

The allegations of Paragraph 47 of the Petition are denied for lack of information to form a belief as to the truth thereof.

48.

The allegations of Paragraph 48 of the Petition are denied.

49.

The allegations of Paragraph 49 of the Petition are admitted.

50.

The allegations of Paragraph 50 of the Petition are denied for lack of information to form a belief as to the truth thereof.

51.

The allegations of Paragraph 51 of the Petition are denied for lack of information to form a belief as to the truth thereof.

52.

The allegations of Paragraph 52 of the Petition are denied.

53.

The allegations of Paragraph 53 of the Petition are denied.

54.

The allegations of Paragraph 54 of the Petition are denied.

55.

The allegations of Paragraph 55 of the Petition are denied.

56.

The allegations of Paragraph 56 of the Petition are denied.

57.

The allegations of Paragraph 57 of the Petition are denied.

58.

The allegations of Paragraph 58 of the Petition are denied.

59.

The allegations of Paragraph 59 of the Petition are denied.

60.

The allegations of Paragraph 60 of the Petition are denied.

61.

The allegations of Paragraph 61 of the Petition are denied.

62.

The allegations of Paragraph 62 of the Petition are denied.

63.

The allegations of Paragraph 63 of the Petition are denied.

64.

The allegations of Paragraph 64 of the Petition are denied.

65.

The allegations of Paragraph 65 of the Petition are denied.

66.

The allegations of Paragraph 66 of the Petition are denied.

<u>Fifth Defense</u>

Pursuant to Section 7.1 of the Exclusive License Agreement dated March 15,1999, but

effective July 29,1998 by and between Transfer Systems Holdings, LLC ("TSH") and Clinton

J. Angelle it is the responsibility of plaintiff Clint Angelle to apply for any foreign patents. Thus, should this court find that Williams, TSI-UK or others have infringed upon plaintiff's proprietary technology, which is at all times denied, plaintiff's failure to register his patents in the United Kingdom or other countries constitutes a failure to mitigate his damages.

WHEREFORE, defendants, J. Terrell Williams and Transfer Systems Holdings, Inc., pray that their answer be deemed good and sufficient and that there be judgment herein in favor of defendants, J. Terrell Williams and Transfer Systems Holdings, Inc. and against plaintiff, Clinton J. Angelle dismissing his petition at his cost; for judgment in favor of J. Terrell Williams and Transfer Holding Systems, Inc. and against Clinton J. Angelle for all reasonable attorneys fees associated with the defense of this suit, together with legal interest on such claim;  and for all other legal and equitable relief necessary in the premises; and

Respectfully submitted,

**ROBICHAUX, MIZE & WADSACK, L.L.C.**

**W. JOE MIZE #1490**
901 Lakeshore Drive, Suite 900
P.O. Drawer 2065
Lake Charles, LA  70602
Telephone: (318) 433-0234

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer to Petition for Damages, for Rescission of Contract and for Injunctive Relief**  has been served upon all

counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

Lake Charles, Louisiana, this 29th day of August, 2000.

_____
W. JOE MIZE

# ROBICHAUX, MIZE & WADSACK, L.L.C.

RECEIVED

AUG 3 0 2000

901 LAKESHORE DRIVE, SUITE 900
LAKE CHARLES, LA 70601-2271
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

## ATTORNEYS AT LAW

JOHN F. ROBICHAUX
W. JOSEPH MIZE
JOHN F. WADSACK

POST OFFICE BOX 2065
LAKE CHARLES, LA 70602-2065
FACSIMILE (318) 433-1274

Firm's E-Mail Address: rmwlaw@carmouche.com
Writer's Direct Dial No: (318) 433-3839 Ext. <Business Phone Number>

August 29, 2000

Hon. Robert H. Shemwell
Clerk of Court
United States District Court
300 Fannin St., Room 1100
Shreveport, Louisiana 71101

    Re: Clint Angelle
      V. 2:00CV1795
      J. Terrell Williams, et al
      Our file W0003-002

Dear Sir:

  Enclosed please find one (1) original and a copy of the Answer To Petition For Damages, For Rescission of Contract and For Injunction Relief in the above referenced matter.  Please file the original in the record of this matter and  return a timed stamped copy to this office in the self addressed postage prepaid envelope at your earliest convenience.

  By copy of this letter all counsel of record have been served.

  With kindest regards, I remain,

              Sincerely,

              W. Joe Mize

WJM/wh
(enclosures)

cc: Charles Minyard
  Robert Waddell
  J. Terrell Williams
  Robby Guillory
  Neil Vincent
  Jim Doyle